

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2009

# USA v. Mangan

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3939

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mangan" (2009). *2009 Decisions.* Paper 2062.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2062

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3939
_____

UNITED STATES OF AMERICA

v.

JOHN MANGAN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 07-CR-00136
District Judge: The Honorable Dickinson R. Debevoise

_____

Argued December 10, 2008

Before: McKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: January 08, 2009 )

James F. Gizzi –  Argued
233 Rock Road
Glen Rock, NJ 07452
    *Counsel for Appellant*
George S. Leone
Steven G. Sanders – Argued
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102-0000
    *Counsel for Appellee*

SMITH, *Circuit Judge.*

John Mangan pleaded guilty to a one count information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The United States District Court for the District of New Jersey sentenced Mangan to the statutory minimum of 120 months and a ten year term of supervised release. The District Court imposed not only the standard conditions of supervised release under 18 U.S.C. § 3583(d), but also requirements for (1) mental health evaluation and treatment; (2) restrictions on Mangan's contact with minors in his employment and volunteer activities; (3) computer monitoring; and (4) periodic polygraph examination.

Mangan filed a timely appeal.[1] Mangan asserted in his appellate brief that the District Court erred because it did not provide notice of its intent to impose either a ten year term of supervised release or the four nonstandard conditions. In addition, Mangan argued that vacatur is warranted because the District Court did not make any factual findings to support the deprivation of liberty resulting from the ten year term and three of the nonstandard conditions.[2]

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742(a).

[2]Although Mangan agreed to waive his right to file a direct appeal, the Government acknowledged that there was an error in the plea agreement which resulted

At oral argument, Mangan appropriately conceded that his challenge to the notice he was provided lacked merit in light of the Supreme Court's decision in *Irizarry v. United States*, 128 S. Ct. 2198 (2008). We review the remaining issues Mangan raised on appeal for plain error because Mangan did not object at sentencing to any aspect of the District Court's imposition of supervised release. *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007). In *Voelker*, we reiterated that "[c]onditions of supervised release must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history of the defendant, the need for general deterrrence, or similar concerns." *Id.* at 144 (citing *United States v. Pruden*, 389 F.3d 241, 248–49 (3d Cir. 2005)); *see also* 18 U.S.C. § 3583(d). We instructed that

> [w]here a sentencing court fails to adequately explain its reasons for imposing a condition of supervised release or the condition's relationship to the applicable sentencing factors, we may nevertheless affirm the condition if we can "ascertain any viable basis for the . . . restriction in the record before the District Court . . . on our own."

*Id.* (quoting *United States v. Warren*, 186 F.3d 358, 367 (3d Cir. 1999)).

Mangan bears the burden of showing that the ten year term of supervised release was unreasonable. *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). Yet he has not explained why this ten year term of supervised release, which is well below the

---

in a mis-stating of the term of supervised release. The Government prudently chose not to invoke the appellate waiver. *See United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008) (acknowledging that an appellate waiver will not bar appellate review if the waiver is not invoked by the government). Accordingly, we address the merits of the issues Mangan raised on appeal.

statutory limit of life, is unreasonable in light of the offense of conviction. Mangan's

contention that the District Court did not consider the factors set forth in 18 U.S.C.

§ 3553 in imposing the ten year term conveniently ignores that the sentencing proceeding

highlighted the fact that Mangan was a recidivist, as he had a state conviction for a sexual

offense involving a minor, and that the District Court rejected Mangan's request to not

impose any term of supervised release. In light of these circumstances, we conclude that

the District Court meaningfully considered the § 3553(a) factors in imposing this ten year

term of supervised release and that the term was reasonable.

Mangan also contends that the District Court erred by imposing nonstandard

conditions requiring mental health evaluation and treatment, limited contact with minors,

and computer monitoring.[3] The error is evident, in Mangan's view, because the District

Court failed to make any factual findings in support of these conditions. Moreover,

Mangan contends that the District Court improperly delegated too much authority to the

probation officer with regard to the conditions regarding mental health evaluation and

treatment, and the limitation in contact with minors.

We conclude, in light of the record before us, that the basis for each of these

conditions of supervised release is patent given the nature of the offense, the fact that he

---

[3]Inasmuch as a lack of notice was the only basis for Mangan's challenge of the nonstandard condition of submitting to periodic polygraph examination, we need not consider whether factual findings support the District Court's imposition of this nonstandard condition.

4

received psychiatric treatment contemporaneously with his prior state conviction, his status as an educator, and his previous state court conviction for sexual assault. *See Voelker*, 489 F.3d at 150, 153–55 (acknowledging that some restrictions, such as computer monitoring and limiting contact with children, were warranted for a defendant convicted of receiving material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(2)). The need for these conditions is further supported by Mangan's admission during his guilty plea colloquy that his computer contained more than 300 pictures of child pornography and that the images depicted actual children. We conclude that the District Court's imposition of these nonstandard conditions of supervised release was reasonably necessary to achieve deterrence and protection of the public. *See* 18 U.S.C. § 3583(d).

The condition requiring mental health evaluation and treatment, however, cannot be sustained in its current form because it improperly delegates too much authority to the probation officer. As we instructed in *United States v. Pruden*, a probation officer "may not decide the nature or extent of the punishment imposed[.]" 398 F.3d at 250. Although the District Court mandated that Mangan "shall participate in a mental health program for evaluation and/or treatment," the Court provided that Mangan's participation would be "as directed by the U.S. Probation Office" and that Mangan "shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office." This is problematic because it bestows upon the probation officer the authority to determine

5

the type of program and the duration of treatment, if any. In our view, it is the District Court that must determine, albeit with the advice or opinion of a mental health professional, the type and duration of mental health treatment. These are substantive aspects of Mangan's sentence and not simply administrative details. *Id.* at 251. Accordingly, we will vacate that portion of the District Court's judgment imposing as a condition of supervised release a requirement for mental health evaluation and treatment, and will remand to the District Court to determine if a revised condition for mental health treatment is warranted. We otherwise will affirm the balance of the District Court's judgment.